IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No: |
| $8,082.00 IN U.S. CURRENCY, | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES the plaintiff, the United States of America, by Gail L. Noll, Assistant United States Attorney, and respectfully states as follows:

1. This is a civil action in rem brought to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of $8,082.00 in U.S. Currency, which is money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or proceeds traceable to such an exchange, or is property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This action is brought in the Central District of Illinois, Springfield Division, as the events which are the subject of this matter occurred in Sangamon County, Illinois, and will remain within the jurisdiction of this Court throughout the pendency of this action.

4. The defendant is $8,082.00 in U.S. Currency (defendant currency).

5. Based on the detailed facts below, which support a reasonable belief that the government will be able to meet its burden of proof at trial, the government believes that the defendant currency is money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or proceeds traceable to such an exchange, or is property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

6. In October 2017, law enforcement initiated an investigation into the drug trafficking activities of Tyreace D. Brown (Brown) in the Springfield, Illinois area.

7. On October 16, 2017, law enforcement received a telephone call from a Confidential Source (CS) who stated that Brown was traveling to the vicinity of West Allen and Spring Streets in Springfield to conduct a drug transaction. Law enforcement conducted surveillance in that area and saw Brown arrive at an apartment building at 205 West Allen as the passenger in a white Mazda 6 (law enforcement later determined that the vehicle was registered to Green Mazda and loaned to Brown's girlfriend, Chelsea Baxter (Baxter)). Law enforcement could not identify the driver of the vehicle. Brown exited the passenger's side of the vehicle and entered the apartment building. Brown exited the building one to two minutes later and returned to the passenger side of the Mazda. The vehicle traveled northbound on Spring Street. As soon as the

Mazda left the area, the CS contacted law enforcement and said that Brown had just delivered cocaine to a resident in the building.

8. Law enforcement questioned the CS about Brown's vehicles. The CS reported that Brown drove a white four door car and a smaller red SUV but stated he/she had not seen the SUV in a while and was told it was getting fixed somewhere. Agents contacted Green Mazda and were told that the Mazda 6 had been loaned to Baxter, who had taken her red Toyota RAV4 for service approximately three weeks prior and that it had not been fixed yet.

9. On October 19, 2017, law enforcement conducted a controlled buy utilizing a CS to purchase .58 grams of crack cocaine from Brown for $60.00 in pre-recorded Official Advanced Funds at the Metro PCS Store, 100 North Grand Avenue West, Springfield. The controlled buy was audio/video recorded.

10. On October 22, 2017, Green Mazda returned the 2008 Toyota RAV 4 to Baxter. Law enforcement obtained a state GPS tracking order on the 2008 Toyota RAV4 and installed it on October 25, 2017, when it was parked in front of her house located at 1217 N. 14th Street in Springfield.

11. After the GPS tracking device was placed on the Toyota RAV4, agents conducted surveillance on Brown as he left his residence in it. Brown made a quick stop at a gas station and proceeded to 2144 E. Grandview Street, which law enforcement knew as the residence of Casey Fields (Casey Fields was known to law enforcement as a heroin dealer who was involved in a controlled buy with another CS on September 20,

2017).    Brown remained at the residence of Casey Fields for approximately 40 minutes before leaving in the Toyota RAV4 to return to his residence at 1217 N. 14th Street.

12. Approximately 30 minutes later, Brown left his residence in the Toyota RAV4 and proceeded to 1151 N. 8th Street in Springfield where he picked up an unknown black male.   Brown and the unknown black male drove until they parked on the east side of North Fifth Street (north of Enterprise Street). A few minutes later the unknown black male exited the Toyota RAV4 and walked south on North 5th Street. The black male walked approximately one block south, turned around, and walked back to the Toyota RAV4. Brown then travelled back to 1151 N. 8th Street to drop off the black male and then continued back to his residence at 1217 N. 14th Street.

13. Approximately 10 minutes later, Brown left his residence again in the Toyota RAV 4 and traveled to Wide Track Road and South Dirksen Parkway where he picked up an unknown black male and then drove to Midtown Inn Motel located at 3125 Wide Track Road. Law enforcement saw Brown and the unknown black male enter and exit the Midtown Inn Motel.

14. On October 26, 2017, surveillance was conducted at the residence of Baxter and Brown at 1217 North 14th Street, in anticipation of executing a state search warrant at their residence. Law enforcement saw Brown leave his residence in a green four door Buick LaCrosse. Brown was followed by officers until he stopped at the 200 block of West Allen Street. Brown was placed in handcuffs at that time, along with Mark Robinson (Robinson), who was attempting to purchase heroin from the passenger side

window of Brown's vehicle when officers initiated contact with Brown.   The heroin was in plain view inside the vehicle, and $200 in U.S. Currency was found in the area where Robinson was detained.

15.     As law enforcement approached the residence of Baxter and Brown to execute the search warrant, Baxter and her two minor children were present. Baxter was informed that officers were there to conduct the search warrant and that she would need to go to the Springfield Police Department (SPD) for interview.   Baxter agreed to go with officers to the SPD.

16.     During a search of the kitchen, law enforcement seized the defendant currency, a loaded Hi-Point 9mm semi-automatic pistol SS# P1655750, approximately 65 loose miscellaneous (9mm/.45 ACP caliber) ammunition cartridges, digital scales, a plastic bag containing 7 individual bags of crack cocaine containing 31.75 grams and 1 gram of heroin, which field tested positive.

17.     Robinson was interviewed by law enforcement and reported that he had been attempting to purchase heroin from Brown for $200 when officers swarmed Brown's vehicle. Robinson said he never had a chance to buy anything and that the transaction did not take place because law enforcement stopped it.

18.     Brown was read his Miranda warning and agreed to be interviewed without legal representation being present. Brown's interview was audio and video recorded. Brown reported that "everything in the residence was his" and not Baxter's. Brown stated he tried to find employment, but could not because he was a convicted

felon. Brown knew he could not support four or five kids on minimum wage or at $10.00 an hour, so he started dealing marijuana which escalated into other drugs.

19. Brown confirmed that the heroin found in the car during the traffic stop was his. When asked about the crack cocaine, the firearm, and the scales found at his residence, Brown stated, "I don't want to involve anybody else, it's there, it's all my shit, it's all irrelevant." Brown followed-up stating that he had been holding the gun for a friend for about two days. When asked for his crack cocaine and heroin supplier, Brown said "someone in town." Brown reported that he was "fronted" approximately 63 grams at a time and would then break it down in smaller amounts consistent with an "eight-ball" (3.5 grams) or "rocks" (.1 to .5 grams) to sell. Brown said it either was soft (powder cocaine) or it was hard (crack cocaine), depending on what was available at the time. Brown reported he currently owed his drug supplier about $4,000.00. When asked how much money was found in his house, Brown said about $8,300.00. Brown was arrested and charged for the manufacture/delivery of a controlled substance and possession of a firearm by a felon.

20. Law enforcement then interviewed Baxter and questioned her about Brown, which was audio/video recorded. Baxter was told at the onset that Brown admitted to ownership of the narcotics, the firearm and the contraband seized from their residence. Once Baxter was told this, she then offered that Brown purchased the gun about three weeks earlier but did not know who sold it to him. Baxter said the gun never left the house and Brown never used it but had it because he was "clashing with

someone." Baxter further stated she saw the gun earlier that day in the kitchen next to the money. When asked if she knew the type of gun Brown purchased, Baxter said it was "black, I believe it's a 9" (referring to the caliber).

21. "Dogi," a trained and certified narcotic detection canine with the SPD, and his handler were requested at the SPD for the canine to conduct a free air sniff of the defendant currency. While officers placed the defendant currency into one of four U.S. Priority Mail boxes, Dogi and his handler remained inside the squad car and did not know in which box the defendant currency was placed. All four boxes were then placed on the floor in the hallway (second floor). The handler and Dogi were brought to the second floor approximately 20 minutes later. Dogi made a positive alert for the presence of illegal drugs on the second box which contained the defendant currency and did not alert to any of the other boxes on the floor.

22. At the time law enforcement made an official count of the U.S. Currency seized from the residence of Baxter and Brown, which totaled $8,122.00, it was discovered that it contained $40 in Official Advanced Funds from the October 19th CS' controlled buy of .58 grams of crack cocaine from Brown.

23. Brown's criminal history revealed numerous arrests and convictions for assault, dangerous drugs and burglary. Baxter's criminal history revealed several arrests for traffic offenses and for health-safety. Baxter and Brown are both unemployed.

24. The defendant property is in custody of the United States.

25. Based on the detailed facts above, which support a reasonable belief that the government will be able to meet its burden of proof at trial, the government believes that the defendant property is money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or proceeds traceable to such an exchange, or is property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956.

WHEREFORE, the United States of America prays that this Court forfeit the defendant property, to the United States of America for disposition according to law, for the issuance of a Warrant in Rem, for costs of suit and for such other and further relief as the Court may deem necessary.

    Respectfully submitted,

    JOHN E. CHILDRESS
    UNITED STATES ATTORNEY

By:    s/Gail L. Noll
    Gail L. Noll, IL Bar No. 6243578
    United States Attorney's Office
    318 South Sixth Street
    Springfield, IL 62701
    Telephone: 217-492-4450
    Fax: 217-492-4888
    Email: gail.noll@usdoj.gov

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based on information and belief.

Executed on this 3rd day of April, 2018.

                                                    s/Joseph Green

                                                    Joseph Green, Special Agent
                                                    Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

| U.S. Department of Justice | PROCESS RECEIPT AND RETURN |
|---|---|

| PLAINTIFF<br>**UNITED STATES OF AMERICA** | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>$8,082.00 in USC | TYPE OF PROCESS<br>In Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

$8,082.00 in USC

ADDRESS (*Street or RFD, Apartment No., City, State, and ZIP Code*)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

**Gail L. Noll, Assistant United States Attorney**
**U.S. Attorney's Office**
**318 S. Sixth Street**
**Springfield, IL 62701**

- Number of process to be served with this Form - 285
- Number of parties to be served in this case
- Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service*)

CATS:  18-dea-636048

Signature of Attorney or other Originator requesting service on behalf of :
**s/Gail L. Noll**
☒ PLAINTIFF
☐ DEFENDANT

TELEPHONE NUMBER
**217-492-4450**

DATE
April 10, 2018

### SPACE BELOW FOR USE OF U.S. ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. | Total Process<br>No._____ | District of Origin<br>No._____ | District to Serve<br>No._____ | Signature of Authorized US Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*).

Name and title of individual served (*If not shown above*).

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (*complete only if different than shown above*)

Date of Service       Time       am / pm

Signature of U.S. Deputy or Clerk

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED